40

**FILED**

OCT 1 1 2005

U.S. DISTRICT COURT
BAY CITY, MICHIGAN

F 19609-BC

UNITED STATES FEDERAL DISTRICT COURT
IN THE EASTERN DISTRICT

| | |
|---|---|
| DEREK KESSEL,<br>an individual<br>MARIE & ARNOLD KESSEL<br>Parents<br>Plaintiffs<br>v.<br><br>PORT HOPE SCHOOL DISTRICT<br>a municipal organization<br>LAWRENCE ISELER, SAM INGRAM<br>CHRIS JAHN, RAYMOND SCHULTE<br>KAREN GUST, CASEY JAHN,<br>MIKE GUST, DAVID KOGLIN,<br>BYRON S. BELT, MATT WOODKE<br>MICHAEL H. BOWMAN, DON PITTS<br>STAN SHIPP, MATT KOGLIN,<br>JOEY WOODKE, DUSTIN WEISS,<br>JOE GUST, SHAWN GUST, JEFF ALES<br>JOSH FOSDICK, JUSTIN ABRAHAM<br>Defendants | Hon.: **David M. Lawson**<br><br>Case No.: 05- **05-10267**<br><br>Complaint for:<br>Violations of: 42 USC § 1983,<br>Art I § 17 Michigan Constitution,<br>20 USC 1400,<br>20 USC § 3511,<br>MCL 380.1311-1313,<br>ASSAULT,<br>BATTERY,<br>FALSE IMPRISONMENT,<br>GROSS NEGLIGENCE,<br>FAILURE TO PROTECT BY<br>FOLLOWING BY-LAWS |

---

**Joni M. Fixel** (P56712)
**Fixel Law Offices, PLLC**
Attorney for Plaintiffs
4990 Northwind Drive, Ste 121
East Lansing, MI 48823
(517)332-3390

---

**<u>COMPLAINT AND DEMAND FOR JURY</u>**

There is no other pending or resolved civil action arising out of the transaction for occurrence alleged in Complaint.

NOW COMES PLAINTIFFS' DEREK KESSEL, MARIE KESSEL AND ARNOLD KESSEL by and through their attorneys, FIXEL LAW OFFICES, PLLC, and for their Complaint against the above Defendants states as follows:

## PARTIES

1. Plaintiff DEREK KESSEL (hereafter "Kessel"), for all times relevant to this Complaint a resident of Huron County, Michigan.
2. Plaintiff DEREK KESSEL for all times relevant to this Complaint is classified as a learning disabled student and entitled to the protections of the Individuals with Disabilities in Education Act.
3. Plaintiffs MARIE KESSEL AND ARNOLD KESSEL ("Parents") are the mother and father and legal guardians of DEREK KESSEL.
4. Defendant PORT HOPE COMMUNITY SCHOOL DISTRICT (hereafter "Port Hope") is a Michigan municipal corporation located in the Eastern District of Michigan.
5. Defendant LAWRENCE ISELER (hereafter "Iseler") is the past President of the Port Hope Community School Board of Education and was President during times relevant to this case.
6. Defendant SAM R. INGRAM (hereafter "Ingram") is the past recording Secretary of the Port Hope Community School Board of Education and was Secretary during times relevant to this case.
7. Defendant CHRIS JAHN (hereafter "Jahn") is the current President of the Port Hope Community School Board of Education and was President during times relevant to this case.
8. Defendant RAYMOND SCHULTE (hereafter "Schulte") is the current Vice President of the Port Hope Community School Board of Education and was Vice President during times relevant to this case.

9. Defendant KAREN GUST (hereafter "Karen Gust") is the current recording Secretary of the Port Hope Community School Board of Education and was Secretary during times relevant to this case.

10. Defendant CASEY JAHN (hereafter "Casey Jahn") is the current treasurer of the Port Hope Community School Board of Education and was treasurer during times relevant to this case.

11. Defendant MIKE GUST (hereafter "Mike Gust") is the trustee of the Port Hope Community School Board of Education and was trustee during times relevant to this case.

12. Defendant DAVID KOGLIN (hereafter "David Koglin") is the trustee of the Port Hope Community School Board of Education and was President during times relevant to this case.

13. Defendant STAN SHIPP (hereafter "Shipp") is the trustee of the Port Hope Community School Board of Education and was trustee during times relevant to this case.

14. Defendant BYRON SCOTT BELT (hereafter "Belt") is the current Superintendent of the Port Hope Community School District.

15. Defendant MICHAEL BOWMAN (hereafter "Bowman") is the current Principal of the Port Hope Community School District.

16. Defendant MATT WOODKE (hereafter "Matt Woodke") is for all times relevant to this case is the head basketball coach for Defendant Port Hope's basketball team, and upon information and belief is a resident of Huron County, Michigan.

17. Defendant DONALD PITTS (hereafter "Pitts") is for all times relevant to this case the Athletic Director for Defendant Port Hope's basketball team, and upon information and belief is a resident of Huron County, Michigan.

18. Defendant JUDY LUBESKI (hereafter Lubeski) is for all times relevant to this case one of teachers for Defendant Port Hope Schools, and upon information and belief is a resident of Huron County, Michigan.

19. Defendant MATHEW KOGLIN (hereafter Koglin) is for all times relevant to this Complaint a student at Defendant Port Hope, and a member of its basketball team.

20. Defendant JOEY WOODKE (hereafter Woodke) is for all times relevant to this Complaint a student at Defendant Port Hope, and a member of its basketball team.

21. Defendant DUSTIN WEISS (hereafter Weiss) is for all times relevant to this Complaint a student at Defendant Port Hope, and a member of its basketball team.

22. Defendant JOE GUST (hereafter Joe Gust) is for all times relevant to this Complaint a student at Defendant Port Hope, and a member of its basketball team.

23. Defendant SHAWN GUST (hereafter Shawn Gust) is for all times relevant to this Complaint a student at Defendant Port Hope, and a member of its basketball team.

24. Defendant JEFF ALES (hereafter Ales) is for all times relevant to this Complaint a student at Defendant Port Hope, and a member of its basketball team.

25. Defendant JOSH FOSDICK (hereafter Fosdick) is for all times relevant to this Complaint a student at Defendant Port Hope, and a member of its basketball team.

26. Defendant JUSTIN ABRAHAM (hereafter Abraham) is for all times relevant to this Complaint a student at Defendant Port Hope, and a member of its basketball team.

## JURISDICTION AND VENUE

27. Plaintiff incorporates by reference Paragraphs 1 through 26 inclusive.

28. Plaintiff's claims arise under 42 U.S.C. § 1983 and the laws of the State of Michigan, to redress the deprivation under color of state law, rights, privileges and immunities secured to Plaintiff by the Constitutions of the United States and the State of Michigan and pendant state law claims.

29. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1391(a)(3) and 28 U.S.C. § 1331.

30. Venue is proper pursuant to 28 U.S.C. § 1391(b).

31. Plaintiff's state law claims arising out of the deprivations of his federal civil rights are proper before this Court pursuant to pendant jurisdiction of this Court.

## GENERAL ALLEGATIONS

32. Plaintiff incorporates by reference Paragraphs 1 through 31 inclusive.

33. On or about November 15, 2004, Plaintiff Kessel, who was a student at Defendant Port Hope and an aspiring member of its basketball team, reported to varsity basketball practice at the Defendant Port Hope School.

34. On or about November 15, 2004, Defendant Port Hope did not have classes in session due to a Teacher's In Service day and only extra curricular activities were being held at the school.

35. On or about November 15, 2004, following basketball practice, Defendant Koglin approached Plaintiff Kessel while walking to their individual vehicles in the

school parking lot on Defendant Port Hope property and inquired if Plaintiff Kessel was going deer hunting later that day.

36. On or about November 15, 2004, Defendant Woodke was sitting in the vehicle and Defendant Koglin got into his vehicle.

37. As Defendant Woodke looked on and laughed, Defendant Koglin reached behind the front seat, lifted a gun up and over the seat and putting it across Woodke's chest and out the window, pointed it at Plaintiff Kessel's chest as Kessel climbed into his car.

38. Plaintiff Kessel heard the gun click as the hammer was pulled back on the gun while Defendant Koglin said "See mine?" and laughed. Defendants Koglin and Woodke then pulled out of the High School parking lot.

39. On or about November 15, 2004, Plaintiff Kessel went home and told Plaintiff Parents about the firearm incident about 6 p.m. that evening and described how terrified he was that he was going to be shot.

40. Plaintiff Kessel begged his parents not to advise the Defendant Port Hope principal because they were his friends and he had to play basketball with them.

41. On or about February 15, 2005, Plaintiff Kessel entered the High School locker room after varsity basketball practice. Defendant's Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, Abraham and Fosdick were in the locker room.

42. Defendant Abraham exited the locker room and on information and belief, posted himself at the outside of the locker room door.

43. Plaintiff Kessel was pulled down to his hands and knees as he tried to fight off the attackers. Defendant Ales knocked Plaintiff Kessel to the floor of the locker room and sat across Kessel's chest.

44. Defendant's Fosdick and Koglin attempted to hold Kessel's hips while Defendant Weiss attempted to sodomize Kessel with a large wooden dowel the size of a paper towel holder. Plaintiff Kessel thrashed and twisted to get up and away from the Defendant's but was unable to do so with someone sitting on his chest. Defendant Weiss attempted to separate Kessel's buttocks and push the dowel through Kessel's undershorts.

45. Plaintiff Kessel broke free of the Defendant's Fosdick and Koglin and when Defendant Ales got off of Kessel's chest, Defendant Weiss threw the stick while the other Defendants in the locker room looked on and laughed.

46. Defendant's Shawn Gust, Joe Gust, and Woodke were present in the locker room when this incident occurred and were laughing.

47. Defendant's Shawn Gust, Joe Gust, and Woodke did nothing to intervene to stop Defendants Fosdick, Weiss, Koglin and Ales from assaulting and battering Plaintiff Kessel.

48. Plaintiff Kessel then sought to leave the locker room after picking up the wooden dowel and chased the Defendant's out of the locker room.

49. Defendant's Shawn Gust, Joe Gust, Woodke, Fosdick, Weiss, Koglin and Ales all ran past the coach's office when they bolted from the locker room.

50. Plaintiff Kessel told his parents later that evening what had happened in the locker room. He expressed that he had some physical discomfort and soreness around his buttocks but he was too embarrassed to have a doctor look at that part of his body.

51. Again, Plaintiff Kessel implored his parents not to say anything to any authorities because he didn't want to cause trouble. He thought that the Defendants involved in the assault and battery were his friends and he had to play basketball with them. Plaintiff Kessel just wanted to be part of the team.

52. On or about February 24, 2005, the Port Hope Basketball team had parent's night. Plaintiff Parents attended the ball game and informed Defendant Lubeski of what had been done to their son in the locker room. Plaintiff Parents thought that Defendant Lubeski was going to report the incident to the school authorities for investigation.

53. Defendant Lubeski did not contact law enforcement authorities, notwithstanding her obligation to do so.

54. Defendant Lubeski told Plaintiff Parents that she had informed Defendant Bowman and requested an investigation into the locker room assault on Plaintiff Kessel.

55. Defendant Bowman did not contact law enforcement authorities, notwithstanding his obligation to do so.

56. On or about June 19, 2005 Plaintiff Parents were approached by Huron County Sheriff's department at work and asked about the assault on their son. Plaintiff Marie Kessel explained that she had not reported it to the police because of the

humiliation her son had already felt. Huron County Sheriff's deputies asked for and received permission to investigate further by interviewing Plaintiff Kessel.

57. On or about July 19, 2005, Defendant Bowman telephoned Plaintiff Parents to request a meeting with Plaintiff Kessel.

58. Plaintiff Kessel and Plaintiff Parents met with Defendant's Bowman and Belt and Plaintiff Kessel was interviewed about the firearm incident in the school parking lot.

59. Defendant's Bowman and Belt have not interviewed Plaintiff Kessel about the locker room incident that happened on or about February 15, 2005.

60. On or about July 5, 2005, Defendant's Bowman, Belt, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin and Stan Shipp were all made aware of the attacks on Plaintiff when Plaintiff Parents requested a private session of the Port Hope School Board July meeting. At this meeting Plaintiff Parents advised the Board of the incidents in November 2004 and February 2005.

61. Defendant's Bowman, Belt, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin and Stan Shipp did not contact law enforcement authorities, notwithstanding her obligation to do so.

62. When the Plaintiff Parents threatened to find another school district for Plaintiff Kessel, Defendant Schulte told the parents that it wouldn't matter because the school would just be losing one more retarded child.

63. Defendant's Bowman, Belt, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin and Stan Shipp did not contact Plaintiff Kessel or Plaintiff's Parents to investigate or inquire about the assaults on Plaintiff Kessel.

64. On or about July 22, 2005, a confidential letter was sent to Defendant Jahn advising the Defendant of the necessary steps to mitigate any potential liability of Defendant Port Hope. This confidential letter was later copied and left in various locations around the City of Port Hope. See Exhibit One.

65. Defendant's Bowman, Belt, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin and Stan Shipp took none of the necessary steps to mitigate liability and secure the safety of Plaintiff Kessel or the other children attending Port Hope Schools.

66. Plaintiff Kessel witnessed that Defendant Port Hope took no disciplinary action against any of the Defendants herein.

67. On or about August 15, 2005, Plaintiff Parents met with Defendant Belt to discuss the incident. Again Defendant Belt would only talk about the firearm incident but refused to address the sexual assault.

68. Defendant Belt advised Plaintiff Parents that their son, the victim, was at fault because of his failure to advise the school authorities of the incident.

69. On or about August 22, 2005, Plaintiff Parents wrote a letter to the Defendant Port Hope, grieving the inaction by the school board and Defendant Port Hope. The letter cited the violations of the school rules and the student school handbook and requested sanctions against the students who perpetrated the sexual assault. See Exhibit Two.

70. On or about August 30, 2005, Defendant Belt wrote Plaintiff Parents in response to the Plaintiff Parent's letter advising that the School Administration was beginning an investigation of the allegations. See Exhibit Three.

71. On or about September 7, 2005, Huron County Prosecuting Attorney Mark Gaertner wrote a letter to all Defendants and Plaintiffs advising that the Huron County Sheriff investigation had substantiated both incidents but they did not rise to the level of criminal activity. The Prosecuting Attorney's letter stated that the school had disciplinary processes in place to discipline the boys involved and that the Defendant Port Hope was the best authority to discipline the perpetrators. See Exhibit Four.

72. On or about September 13, 2005, Defendant Port Hope sent a letter to the Plaintiffs stating that the School Board's investigation was complete and that in light of the fact no criminal acts were committed, the incidents were considered "horseplay". See Exhibit Five.

73. Thereafter, Defendant Port Hope did not take any disciplinary action against any of the Defendants herein.

74. On or about September, 2005, Plaintiff Parents removed Plaintiff Kessel from Defendant Port Hope's high school for his safety and enrolled him elsewhere.

75. On or about September 14, 2005, Defendant Schulte approached Plaintiff Parent at his jobsite and advised Parent that he needed to stop any discussion of the locker room incident and he should "drop the whole thing". Defendant was representing Defendant Port Hope when he chose to approach the Plaintiff and issue a veiled threat to the Plaintiff.

76. Defendants Port Hope, Bowman, Belt, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin and Stan Shipp observed and knew or should have known that Plaintiff Kessel was the victim of verbal and physical

harassment and intimidation, but they acted with deliberate indifference thereby proximately causing the continuing violation of Plaintiff's person, will-being and his rights as set forth hereinafter.

## COUNT I

## CONSTITUTIONAL VIOLATIONS 42 U.S.C. 1983 AS TO DEFENDANTS PORT HOPE, LUBESKI, BOWMAN, BELT, JAHN, SCHULTE, KAREN GUST, CASEY JAHN, MIKE GUST, DAVID KOGLIN ,STAN SHIPP, ISELER, INGRAM, MATT WOODKE AND PITTS ONLY

77. Plaintiff incorporates by reference paragraphs 1 through 76 inclusive.

78. Defendants Port Hope, Lubeski, Bowman, Belt, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin, Iseler, Ingram and Stan Shipp at all times herein owed Plaintiff Kessel the duty of protecting his state and federal constitutional rights.

79. At all times relevant herein, Plaintiff Kessel had a right and a liberty interest under the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution to be free from violation of his bodily integrity by physical abuse by students on school grounds.

80. At all times relevant herein, the rights owed to Plaintiff Kessel were clearly established.

81. By the actions and\or omission customs, policies and\or practices described above, Defendants Port Hope, Lubeski, Bowman, Belt, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin, Iseler and Ingram

and Stan Shipp proximately caused the deprivation of Plaintiff Kessel's clearly established constitutional and well settled rights to be free from abuse by students on school premises, which constituted a denial of liberty without procedural and\or substantive due process as secured by the Fifth and Fourteenth Amendments to the United States Constitution and by Art. I, Sec. 17 of the Michigan Constitution.

82. As a direct and proximate result of the violation of Plaintiff Kessel's rights as set forth above he suffered and continues to suffer damages including but not limited physical injuries, mental and emotional distress, pain and suffering, grief and anguish, and medical, counseling, educational and other expenses, loss of enjoyment of life and loss of earning capacity, all past, present and future.

WHEREFORE, Plaintiff seeks compensatory damages against Defendants, jointly and severally, in an amount that is fair and just and consistent with the law and evidence, together with interest, costs and attorney fees. Plaintiff further seeks punitive and exemplary damages against Defendants Port Hope, Lubeski, Bowman, Belt, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin, Iseler, Ingram and Stan Shipp.

**COUNT II**

**CONSTITUTIONAL VIOLATIONS\ 42 U.S.C. 1983**

**AS TO DEFENDANT PORT HOPE**

83. Plaintiff incorporates by reference Paragraphs 1 through 82 inclusive.

84. As a municipal corporation, Defendant Port Hope was authorized by law to act as a governmental agency, at all times herein acting under color of state law and within the scope of its authority.

85. By its actions and\or omissions, Defendant Port Hope adopted and\or maintained the following customs, policies and\or practices, among others:

a. Failure to properly and adequately supervise and train supervisory, administrative and teaching employees and\or subordinates to prevent the foreseeable sexual and\or physical abuse of students, including Plaintiff Kessel.

b. Failure to properly and adequately supervise and train supervisory, administrative and teaching employees and\or subordinates so as to protect its students, including Plaintiff Kessel, from foreseeable sexual and\or physical abuse.

c. Failure and\or refusal to adequately investigate or act upon information brought to the attention of supervisors regarding alleged and\or suspected sexual and physical abuse of students by its students including Defendants

d. Systematically and regularly minimizing reports of physical misconduct by students, particularly basketball players.

e. Failure to take appropriate disciplinary or preventative action against those students under its supervision, in particular Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, Abraham and Fosdick, about whom it had information that sexual and physical abuse of Plaintiff Kessel, and on information and belief, others.

f. Failure to adequately, properly, accurately and fully report suspected child sexual abuse to the Department of Social Services and other appropriate authorities as statutorily required pursuant to M.C.L. §722.623.

g. Engaging in a custom, policy and practice, whereby, when parents complained to administrators about Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, Abraham and Fosdick and others' sexual abuse and other inappropriate conduct, it took absolutely no disciplinary action towards them .

h. Failure to address the known risks of sexual abuse, physical abuse of its students by members of the school's basketball team, over a period of many years, thereby adopting a policy that allowed Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, Abraham and Fosdick to engage in the misconduct complained of herein.

86. These customs, policies and practices were a moving force and a direct proximate cause of the violation of Plaintiff Kessel's clearly established constitutional right to be free from sexual abuse, physical abuse and harassment on the basis of national origin or ethnicity by students, a denial of liberty without substantive due process as secured by the Fifth and Fourteenth Amendments to the United States Constitution and by Art. 1, Section 17 of the Michigan Constitution.

87. Such actions and\or omissions constituting customs, policies and\or practices of Defendant Port Hope affirmatively exposed Plaintiff Kessel to a greatly increased risk of harm resulting from the known and foreseeable danger of physical abuse, harassment, sexual abuse, and intimidation at the hands of Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, Abraham and Fosdick and others.

88. Having affirmatively increased the known risk of harm, Defendant Port Hope then failed to take reasonable measures to protect Plaintiff Kessel.

89. Defendant Port Hope's actions and\or omissions constituting customs, policies and\or practices of Port Hope were deliberately indifferent and\or were in callous disregard of the constitutional rights of students, and in particular, Plaintiff Kessel.

90. As a direct and proximate result of Defendant Port Hope's grossly negligent and deliberately indifferent conduct, customs, policies and\or practices, minor Plaintiff Kessel was sexually assaulted, physically assaulted and harassed by

Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, Abraham and Fosdick and others, causing and continuing to cause him to suffer physical injuries, mental and emotional distress, pain, grief and anguish, and medical, counseling, educational and other expenses, loss of enjoyment of life and the loss of earning capacity, all past, present and future.

WHEREFORE, Plaintiff seeks compensatory damages against Defendants, jointly and severally, in an amount that is fair and just and consistent with the law and evidence, together with interest, costs and attorney fees. Plaintiff further seeks punitive and exemplary damages against Defendants Port Hope.

## COUNT III

## VIOLATIONS OF 20 U.S.C. 1400 – INDIVIDUALS WITH DISABILITIES IN EDUCATON ACT

## AS TO DEFENDANTS PORT HOPE, BOWMAN, BELT, JAHN, SCHULTE, CASEY JAHN, MIKE GUST, KAREN GUST, DAVID KOGLIN AND SHIPP

91. Plaintiffs incorporate by reference Paragraphs 1 through 90 inclusive.

92. Plaintiff Kessel was at all times a student qualifying under the Individuals with Disabilities in Education Act ("IDEA").

93. As a municipal corporation, Defendant Port Hope, was authorized by law to act as a governmental agency, at all times herein acting under color of state law and within the scope of its authority.

94. By their actions and\or omissions, Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Karen Gust, Schulte, David Koglin and Shipp adopted and\or maintained the following customs, policies and\or practices, among others:

a. Failure to properly and adequately supervise and train supervisory, administrative and teaching employees and\or subordinates to provide a free appropriate education for students qualifying for the IDEA, including Plaintiff Kessel.

b. Failure to properly and adequately supervise and train supervisory, administrative and teaching employees and\or subordinates so as to provide an education in the least restrictive environment for students qualifying for the IDEA, including Plaintiff Kessel.

95. These customs, policies and practices were a moving force and a direct proximate cause of the violation of Plaintiff Kessel's clearly established constitutional right to a free appropriate public education in the least restrictive environment free from sexual abuse, physical abuse and harassment on the basis of national origin or ethnicity by students, a denial of liberty without substantive due process as secured by the Fifth and Fourteenth Amendments to the United States Constitution and by Art. I, Section 17 of the Michigan Constitution.

96. Such actions and\or omissions constituting customs, policies and\or practices of Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Karen Gust, Schulte, David Koglin and Shipp affirmatively exposed Plaintiff Kessel to a greatly increased risk of harm resulting from the known and foreseeable danger of physical abuse, harassment, sexual abuse, and intimidation at the hands of Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, Abraham and Fosdick and others.

97. Having affirmatively increased the known risk of harm, Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Karen Gust, Schulte, David Koglin and Shipp then failed to take reasonable measures to protect Plaintiff Kessel.

98. Defendant Port Hope Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Karen Gust, Schulte, David Koglin and Shipp actions and\or omissions constituting customs, policies and\or practices of Port Hope were deliberately indifferent and\or were in callous disregard of the constitutional rights of students, and in particular, Plaintiff Kessel.

99. As a direct and proximate result of Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Karen Gust, Schulte, David Koglin and Shipp grossly negligent and deliberately indifferent conduct, customs, policies and\or practices, minor Plaintiff Kessel was sexually assaulted, physically assaulted and harassed by Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, Abraham and Fosdick and others, depriving him of his rights under 20 U.S.C. 1400, the Individuals with Disabilities in Education Act, causing and continuing to cause him to suffer physical injuries, mental and emotional distress, pain, grief and anguish, and medical, counseling, educational and other expenses, loss of enjoyment of life and the loss of earning capacity, all past, present and future.

WHEREFORE, Plaintiff seeks compensatory damages against Defendants, jointly and severally, in an amount that is fair and just and consistent with the law and evidence, together with interest, costs and attorney fees. Plaintiff further seeks punitive and exemplary damages against Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Karen Gust, Schulte, David Koglin and Shipp.

**COUNT IV**

**VIOLATIONS OF 20 U.S.C. § 3511 – GUN FREE SCHOOLS ACT OF 1994 AND MCL 380.1311 et al AS TO DEFENDANTS PORT HOPE, BOWMAN, BELT, JAHN, SCHULTE, CASEY JAHN, MIKE GUST, ISELER, INGRAM AND SHIPP**

100. Plaintiffs incorporate by reference Paragraphs 1 through 99 inclusive.

101. Plaintiff Kessel was at all times a student qualifying under the Gun Free Schools Act and MCL 380.1311 and 380.1313.

102. As a municipal corporation, Defendant Port Hope, was authorized by law to act as a governmental agency, at all times herein acting under color of state law and within the scope of its authority.

103. By their actions and\or omissions, Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Schulte, Iseler, Ingram and Shipp adopted and\or maintained the following customs, policies and\or practices, among others:

a. Failure to properly and adequately supervise and train supervisory, administrative and teaching employees and\or subordinates to provide a Gun Free School Zone for students, including Plaintiff Kessel.

b. Failure to properly and adequately supervise and train supervisory, administrative and teaching employees and\or subordinates so as to provide a safe school zone for all students, including Plaintiff Kessel.

c. Failure and\or refusal to adequately investigate or act upon information brought to the attention of supervisors regarding alleged firearm on school property by its students including Defendants

d. Systematically and regularly minimizing reports of physical misconduct by students, particularly basketball players.

e. Failure to take appropriate disciplinary or preventative action against those students under its supervision, in particular Defendants Koglin,

and Woodke, whom it had information that a firearm had been brought on school grounds and pointed at Plaintiff Kessel.

f. Engaging in a custom, policy and practice, whereby, when parents complained to administrators about Koglin, and Woodke's inappropriate conduct, it took absolutely no disciplinary action towards them .

104. These customs, policies and practices were a moving force and a direct proximate cause of the violation of Plaintiff Kessel's clearly established constitutional right to a free safe public education without firearms on school, a denial of liberty without substantive due process as secured by the Fifth and Fourteenth Amendments to the United States Constitution and by Art. I, Section 17 of the Michigan Constitution.

105. Such actions and\or omissions constituting customs, policies and\or practices of Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Schulte, Iseler, Ingram and Shipp affirmatively exposed Plaintiff Kessel and other students to a greatly increased risk of harm resulting from the known and foreseeable danger of allowing firearms on public school grounds.

106. Having affirmatively increased the known risk of harm, Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Schulte, Iseler, Ingram and Shipp then failed to take reasonable measures to protect Plaintiff Kessel.

107. Defendants Port Hope, Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Schulte, Iseler, Ingram and Shipp actions and\or omissions constituting customs, policies and\or practices of Port Hope were deliberately indifferent and\or were in callous disregard of the constitutional rights of students, and in particular, Plaintiff Kessel.

108. As a direct and proximate result of Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Schulte, Iseler, Ingram and Shipp grossly negligent and deliberately indifferent conduct, customs, policies and\or practices, minor Plaintiff Kessel was, physically assaulted and harassed by Defendants Koglin, and Woodke, and others, depriving him of his rights under 20 U.S.C. § 3511, the Gun Free Schools Act of 1994, causing and continuing to cause him to suffer physical injuries, mental and emotional distress, pain, grief and anguish, and medical, counseling, educational and other expenses, loss of enjoyment of life and the loss of earning capacity, all past, present and future.

WHEREFORE, Plaintiff seeks compensatory damages against Defendants, jointly and severally, in an amount that is fair and just and consistent with the law and evidence, together with interest, costs and attorney fees. Plaintiff further seeks punitive and exemplary damages against Defendants Port Hope, Bowman, Belt, Jahn, Casey Jahn, Mike Gust, Schulte, Iseler, Ingram and Shipp.

## COUNT V

## ASSAULT AS TO DEFENDANTS KOGLIN, WOODKE, ABRAHAM, SHAWN GUST, and JOE GUST ONLY

109. Plaintiff incorporates by reference Paragraphs 1 through 1008 inclusive.

110. Defendants Koglin, Woodke, Shawn Gust, Abraham and Joe Gust acts against Plaintiff Kessel as set for in the preceding paragraphs, intended to cause

harmful or offensive contact with Plaintiff Kessel and put him in imminent apprehension of such contact.

111. Defendants Koglin, Woodke, Shawn Gust, Abraham and Joe Gust acts caused and continue to cause Plaintiff Kessel damages, including, but not limited to, mental distress and anxiety, humiliation, mortification, shock, past and future and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter a judgment in Plaintiff favor and award compensatory damages, interest, cost and attorneys' fees and any other relief this Court deems just.

**COUNT VI**

**BATTERY AS TO DEFENDANTS, KOGLIN, WEISS, ALES, and FOSDICK ONLY**

112. Plaintiff incorporates by reference Paragraphs 1 through 111 inclusive.

113. Defendants Koglin, Weiss, Ales and Fosdick's conduct as specified in the preceding paragraphs constituted harmful and\or offensive contacts with Plaintiff Kessel, which was intended to and did result in the harmful and\or offensive contact with Plaintiff Kessel.

114. Defendants Koglin, Weiss, Ales and Fosdick's acts caused and continue to cause Plaintiff Kessel damages including, but not limited to, mental distress, anxiety, humiliation, mortification, shock, future medical expenses and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter a judgment in Plaintiff favor and award compensatory damages, interest, costs and attorneys' fees and any other relief this Court deems just.

**COUNT VII**

**FALSE IMPRISONMENT AS TO DEFENDANTS KOGLIN, WOODKE, JOE GUST, SHAWN GUST, WEISS, ALES, ABRAHAM, FOSDICK ONLY**

115. Plaintiff incorporates by reference Paragraphs 1 through 114 inclusive.

116. Defendants Koglin, Woodke, Joe Gust, Shawn Gust, Weiss, Ales, Abraham and Fosdick's acts as specified in the preceding paragraphs constituted false imprisonment of Plaintiff Kessel by not allowing him to leave the locker room of his own free will.

117. Defendants Koglin, Woodke, Joe Gust, Shawn Gust, Weiss, Ales, Abraham and Fosdick's whose acts intended to and did result in the imprisonment of Plaintiff Kessel against his free will.

118. Defendants Koglin, Woodke, Joe Gust, Shawn Gust, Weiss, Ales, Abraham and Fosdick's acts caused and continue to cause Plaintiff Kessel damages including, but not limited to, mental distress, anxiety, humiliation, mortification, shock, future medical expenses and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter a judgment in Plaintiff favor and award compensatory damages, interest, costs and attorneys' fees and any other relief this Court deems just.

**COUNT VIII**

**GROSS NEGLIGENCE AS TO DEFENDANTS PORT HOPE, ISELER, INGRAM, BELT, BOWMAN, MATT WOODKE, PITTS, LUBESKI, JAHN, SCHULTE, KAREN GUST, CASEY JAHN, MIKE GUST KOGLIN, AND SHIPP, ONLY**

119. Plaintiff incorporates by reference Paragraphs 1 through 118 inclusive.

120. Defendants Port Hope, Iseler, Ingram, Lubeski, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman herein owed Plaintiff a duty not to engage in acts that were so reckless to demonstrate, a substantial lack of concern for whether an injury to Plaintiff resulted.

121. Defendants Port Hope, Iseler, Ingram, Lubeski, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman herein owed Plaintiff a duty not to engage in acts that were so reckless to demonstrate a substantial lack of concern for a child who is protected under the Individuals with Disabilities in Education act.

122. Defendants Port Hope, Iseler, Ingram, Lubeski, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman did breach said duties, as set forth heretofore and as elaborated upon further, as follows:

a. Failure to properly and adequately supervise and train supervisory, administrative and teaching employees and\or subordinates to prevent the foreseeable sexual and\or physical abuse of students, including Plaintiff Kessel.

b. Failure to properly and adequately supervise and train supervisory, administrative and teaching employees and\or subordinates so as to protect its students, including Plaintiff Kessel, from foreseeable sexual and\or physical abuse.

c. Failure and\or refusal to adequately investigate or act upon information brought to the attention of supervisors regarding alleged and\or suspected sexual and physical abuse of students by its students including Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, and Fosdick.

d. Systematically and regularly minimizing reports of physical misconduct by students, particularly basketball players.

e. Failure to take appropriate disciplinary or preventative action against those students under their supervision, in particular Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, and Fosdick, about whom they had information that sexual and physical abuse of Plaintiff Kessel, and on information and belief, others.

f. Failure to adequately, properly, accurately and fully report suspected child sexual abuse to the Department of Social Services and other appropriate authorities as statutorily required pursuant to M.C.L. §722.623.

g. Engaging in a policy and practice, whereby, when parents complained to administrators about Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, and Fosdick's sexual abuse and other inappropriate conduct, they took absolutely no disciplinary action towards them resulting in Plaintiff Kessel's further harassment and abuse as depicted above.

h. Failure to address the known risks of sexual abuse, physical abuse of its students by members of the school's basketball team, over a period of many years, thereby adopting a policy that allowed Defendants Koglin, Woodke, Weiss, Joe Gust, Shawn Gust, Ales, and Fosdick to engage in the misconduct complained of herein.

123. Defendants' Port Hope, Iseler, Ingram, Lubeski, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman conduct as depicted in the preceding paragraphs was grossly negligent in that said

conduct was so reckless so as to demonstrate a substantial lack of concern as to whether injury to Plaintiff resulted.

124. Defendants' Port Hope, Iseler, Ingram, Lubeski, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman gross negligence, acts caused and continue to cause Plaintiff Kessel damages including, but not limited to, mental distress, anxiety, humiliation, mortification, shock, future medical expenses and loss of enjoyment of life.

125. Defendants' Port Hope, Iseler, Ingram, Lubeski, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman gross negligence, acts caused and continue to cause Plaintiff Parents damages including, but not limited to, mental distress, anxiety, humiliation, mortification, shock, future medical expenses and loss of enjoyment of life through witnessing the improper treatment of their son.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against all Defendants, jointly and severally, for the amount Plaintiffs are found to be entitled to, as determined by the trier of fact, together with interest, costs and attorneys' fees and ay other relief that this Court deems just.

**COUNT IX- FAILURE TO PROTECT BY FOLLOWING SCHOOL BY-LAWS AS TO DEFENDANTS PORT HOPE, ISELER, INGRAM, BELT, BOWMAN, MATT WOODKE, PITTS, LUBESKI, JAHN, SCHULTE**

**KAREN GUST, CASEY JAHN, MIKE GUST KOGLIN, AND SHIPP, ONLY**

126. Plaintiff incorporates by reference Paragraphs 1 through 125 inclusive.

127. Defendants' Port Hope, Iseler, Ingram, Lubeski, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman conduct as depicted in the preceding paragraphs failed to follow the well established and enacted by-laws of the Port Hope School District so as to demonstrate a substantial lack of concern as to whether injury to Plaintiff resulted.

128. Defendants' Port Hope, Iseler, Ingram, Lubeski, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman failed to follow the Port Hope School District Bylaws approved April 2002. Specifically policies; 5050 Sexual Harassment and Intimidation, 8130 Searches of Motorized Vehicles, Lockers and Students, 8140 Interrogation and Investigations Conducted in School, 8260 Bullying Prohibited, 8270 Hazing Prohibited, 8320 Assaults Committed by Students, 8350 Student Suspension and Expulsion.

129. Defendants' Port Hope, Iseler, Ingram, Lubeski, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman failure to follow the District Bylaws caused and continue to cause Plaintiff Kessel damages including, but not limited to, mental distress, anxiety, humiliation, mortification, shock, future medical expenses and loss of enjoyment of life.

130. Defendants' Port Hope, Iseler, Ingram, Lubeski, Matt Woodke, Pitts, Jahn, Schulte, Karen Gust, Casey Jahn, Mike Gust, Koglin, Shipp, Belt and Bowman failure to follow the District Bylaws caused and continue to cause Plaintiff Parents damages including, but not limited to, mental distress, anxiety,

humiliation, mortification, shock, future medical expenses and loss of enjoyment of life through witnessing the improper treatment of their son.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against all Defendants, jointly and severally, for the amount Plaintiffs are found to be entitled to, as determined by the trier of fact, together with interest, costs and attorneys' fees and ay other relief that this Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**FIXEL LAW OFFICES, PLLC**

By: ______________________

**JONI M. FIXEL**
**Fixel Law Offices, PLLC**
Attorney for Plaintiffs
4990 Northwind Drive
Suite 121
East Lansing, MI 48823-5031

(517) 332-3390

Dated: October 11, 2005

**EXHIBIT ONE**

July 22, 2005

Mr. Chris Jahn, Board President
Port Hope Community Schools
7840 Portland
Port Hope, Michigan 48468

Dear Mr. Jahn,

***The contents of this letter are to remain confidential. No portion of this letter can be shared with anyone who is not an elected school board member, or the Superintendent, or the Principal, of the Port Hope Community Schools.***

On July 5, 2005, a parent from our school district came to my home with allegations of Criminal Sexual Conduct and Felonious Assault which had been perpetrated against her son. These alleged acts were committed on school property by students of our school district. These alleged incidents occurred sometime in late October or early November of 2004. Both of these crimes are felonies. All of the alleged felonies are covered in the 2004 - 2005 Port Hope Schools' Secondary Handbook on pages 30 & 31. It is my understanding that the Huron County Prosecutor, Mark Gaertner, is in the process of determining whether to move forward with indictments.

From information I received from the parent of the victim, and from conversations I had with you concerning this incident, enough *prima facie evidence* exists for this Board to expel at least three (3) students. Violations of State Law, as well as violations of the 2004 - 2005 Port Hope Schools' Secondary Handbook, appear to have been committed by several students.

We are not required to have proof beyond a reasonable doubt that a violent crime took place on school property for this Board to make a decision concerning expulsion. Nor are we obligated to wait until Mr. Gaertner makes a decision as to whether or not he is going to indict on the charges. This Board must move forward to do what is necessary to protect the integrity of its policies and the reputation of the district.

There is no question that a gun was on school property in either late October or early November of 2004. The parents of the student who had the gun admitted to the parents of the victim that their son had the gun on school property. A second student was in the vehicle when the gun was allegedly pointed at the victim.

My investigation reveals that the driver of the vehicle reached in to the back seat and pulled the weapon from that area of the car. He then pointed the weapon through the front passenger's side window, pointed at the victim and cocked the hammer. The trigger was not pulled. The second student, who was seated in the front passenger's seat, did not attempt to push the gun out of the line of fire. He is also culpable because he did not report what happened to anyone in authority. This act occurred in the west side parking lot.

Regarding the Criminal Sexual Conduct charges, you were told by a student, who was present when the crime was committed, that the victim was attacked and held on the ground in the boys' locker room, against his will, and at a minimum, was struck on the buttocks with a stick. The victim's parent informed me that the stick had been retrieved from outside the school building. The parent also told me there was an attempt made, by several of the defendants, to remove the victim's underwear while he was pinned on the ground. The victim held on to his underwear with both of his hands, thus making it impossible for him to attempt to get up off of the ground. The attempt to remove the underwear was unsuccessful.

Subsequently, two of the defendants simultaneously attempted to spread the buttocks of the victim while a third defendant poked the stick into the fabric of the underwear, in the area of the victim's anus. A fourth defendant aided in holding the victim on the ground. Other students were in the locker room while this incident was occurring. Because of being pinned on the ground, the victim was unable to determine if any other person attempted to sodomize him, or hit him, with the stick. The victim eventually overcame his attackers and got to his feet. The victim picked up the stick that was used and chased the defendants from the locker room. The victim does not remember what he did with the stick after the defendants fled the scene.

In a Criminal Sexual Conduct case involving penetration, whether the penetration is with a penis, a finger, or any foreign object, the penetration, *regardless of how slight*, is still considered penetration under the law. Even if penetration was not achieved by the assailants with the stick, the "gang" action of holding the victim on the ground and striking him is enough evidence to expel a student.

I am most curious as to who secured the stick and how it got into the locker room. It is my professional opinion that this was a planned attack and that the stick was meant to be used from the time the attack was planned. If this can be proven, a count of conspiracy could be added by the Prosecuting Attorney.

Those students who watched, or heard what was happening, and did nothing, also bare a heavy responsibility for not coming to the aid of their fellow team mate. When this Board becomes aware of the students who were present, we should proceed to suspend those students for their disregard and indifference for the safety and well being of a fellow student.

The victim's parent also made another disturbing allegation. She said she told Mrs. Judy Lubeski, a part-time teacher in our district, about the Criminal Sexual Conduct that was committed against her son. The parent stated that while at a basketball game, she told Mrs. Lubeski what had happen. Mrs. Lubeski allegedly told the victim's parent, "This has gone far enough and something needs to be done."

I would advise you to order our Principal, Mr. Michael Bowman, to secure a written statement from Mrs. Lubeski detailing when she found out about the rape, who she got the information from, what information she was told, and to whom she reported the information. Her report should also include whether or not she reported discussing these allegations with any other teacher in our district.

If Mrs. Lubeski admits that she was told about the crime committed against the victim, and she did nothing, you are required to pass that information on to the Prosecutor. Also, if she failed to notify any one in authority, we cannot continue to employ her because she failed to protect the victim.

If Mrs. Lubeski states that she did pass the information on to anyone in our administration, and that administrator, or administrators, did not notify the police, you are also required to notify the Prosecutor concerning the inaction of our employee(s). If you discover that either the Superintendent, the Principal, or any other employee, knew about this and did nothing, you have the obligation to call a special meeting so that the Board can take action regarding the immediate suspension of anyone who failed to do the right thing.

It would be in the best interest of this Board to have Mr. Belt order Mrs. Lubeski to be present at the August 8, 2005 school board meeting. Mrs. Lubeski may request a closed session before she testifies concerning her knowledge about the incident. She may have legal counsel present if she desires.

I would also advise you to order Superintendent Scott Belt, Principal Michael Bowman, and Athletic Director Donald Pitts, to submit a written report to you detailing their complete knowledge of this matter. Their reports should state whether or not Mrs. Lubeski notified them about the rape allegations. Their reports should also include what type of training they provided for the staff as it pertains to this type of incident. They should include the dates and times when this training was given, who the instructor was, and all signature sign-in sheets.

There is also the issue concerning the Boys' Varsity Basketball coach, Mr. Matt Woodke. Mr. Woodke was ultimately responsible for the protection of all the athletes while they were in the locker room. His failure to protect the victim in this case, and to protect the legal interests of this school district, must be addressed.

It is paramount that Mr. Woodke submit a written statement detailing his knowledge about this incident. He should be interviewed by Mr. Bowman forthwith. You should order that he appear at the August 8, 2005 board meeting to explain his whereabouts at the time of the alleged incident. Mr. Woodke may request a closed session to explain his actions. He may have legal counsel present during the closed session.

It would be appropriate for this board to advise Mr. Woodke, in writing, that if he is named in a civil law suit concerning this incident, that he cannot be indemnified by the school district.

It is also appropriate for this Board to ask Mr. Woodke for his immediate resignation as the head coach of the boys' varsity basketball team. If he does not resign, he should be immediately discharged.

Recently, you informed me that Mr. Bowman interviewed the victim and was in the process of attempting to interview the alleged perpetrators. You stated that Mr. Bowman has been unable to get the statements from all those involved. Superintendent Scott Belt should send certified letters to the parents of each of these students demanding that they present themselves for an interview. Mr. Bowman should be ordered to secure a written statement from each of the students before he asks them any questions. Each written statement must be written in Mr. Bowman's presence. All of the written statements should be made available to the Board members on the night of August 8, 2005, as well as, the written questions and answers that Mr. Bowman secured during his questioning.

If students refuse to come forward, or submit written statements, or answer questions concerning their involvement in these incidents, this Board can still proceed to expel the students. As stated earlier, there is enough *prima facie evidence* to justify the penalty of permanent expulsion for at least three (3) of the students involved. If either the Principal, or the Superintendent, fail to present a recommendation to the Board, in either of these incidents, the Board can still move forward. We, as the controlling authority of the school district, must never lose sight of our obligation to the victim and the other students.

I would encourage you to order Mr. Belt to forward a copy of the 2004 -2005 Port Hope Schools' Secondary Handbook to all school board members. It is imperative that each member understands the rules and regulations that have been violated by the students.

The victim's mother stated that it is highly unlikely that her son will be returning to our school district this August. I will be making a motion at the August 8, 2005 school board meeting that if the victim does not return to school, that he be reimbursed, out of the senior trip fund account, the percentage of money he is entitled to for work done toward the class trip.

It is imperative that we act before the beginning of the school year. If the Board fails to take action at the August 8, 2005 school board meeting, the District's liability, and our personal liability as elected officials, could substantially rise. Our homes, businesses, and assets could be at risk. Also, inaction could result in additional acts of this nature or even worse.

With the possibility of civil action looming, it is essential that you make it abundantly clear that you are treating these allegations with the utmost seriousness. In October of 2004, when I informed the Board, and then Board President Lawrence Iseler, of the vandalism that had taken place at my home, by students from this school district, the Board failed to take any action. If some type of punishment had been administered at that time, it is possible that what happened to the victim in this case might have been avoided. The lackadaisical attitude taken by Mr. Iseler, and Superintendent Belt, may have given these students the impetus to commit further dangerous acts and others we may not even be aware of yet.

**EXHIBIT TWO**

August 22, 2005

To Whom It May Concern:

We wish to file a Grievance with The Port Hope Community School Board on behalf of the victim – my son Derek Kessel of assaults against him, which took place at the school in accordance with the rules in the secondary handbook. Rule # 2 - ***Possession of a weapon***, Rule # 3 - ***Use of an object as a weapon***, and Rule # 7 - ***Physically assaulting a staff member/student/ person associated with the district.***

In a conversation with Scott Belt on Monday, August 15th 2005, he directly stated that Matt Koglin did not pose as a threat – even though he pointed the barrel of a shotgun out the passenger window at Derek as Derek was going to get into his vehicle. According to Mr. Belt - by not saying anything about this when it happened – November 15th 2004, an in-service day – no other students were in class at the school - Derek had put the lives of all the kids in danger.

Nothing was mentioned to me of the assault, which took place in the boy's locker room after a practice - after the gun incident. Mrs. Judy Lubeski knew about this on the 25th of March. She had told me that she told Michael Bowman "something was going on in the boy's locker room with the varsity team and it needed to be checked out." Mr. Bowman never asked Derek about this incident.

So that the lives of the other students in Port Hope Community School are not in danger, at this time we are demanding that the students physically involved, who are still in this school - Matthew Koglin & Dustin Weiss, be expelled and civil action brought against Jeff Ales & Josh Fosdick, whom have graduated, Joe Gust & Justin Abraham who watched and did nothing. We are also demanding that action be taken against Joey Woodke & Shawn Gust for not coming to our son's aid or reporting what had happened to our son in the locker room.

We also want to know what sanctions, or penalties, have been taken against the Boys Varsity Basketball Coach, Matt Woodke, for not protecting our son in the locker room.

Why Mr. Michael Bowman did not do a complete investigation when Mrs. Lubeski told him about what happened to Derek in the locker room?

We also want to know why the police were not notified by the school about the sexual assault on our Son?

Marie Kessel
Arnold Kessel
*Arnold & Marie Kessel/ Parents*

*cc:*
*Joni M Fixel, Esq.*

Received 9-1-05

# Port Hope Community Schools

7840 Portland Ave.
P.O. Box 185
Port Hope, MI 48468

Phone: 989-428-4151
Fax: 989-428-4153
www.porthope.k12.mi.us

Arnold & Marie Kessel
7208 Moeller Road
Port Hope, MI 48468

EXHIBIT THREE

August 30, 2005

Mr. & Mrs. Kessel,

This letter is in response to the letter ~~that I received~~ in my office on August 23, 2005 from you dated August 22, 2005.

At this time the administration is in the process of investigating the allegations that you have made and wish to grieve to the School Board.

According to Michigan's Open Meetings Act, upon receiving a request the Public body "must respond to your request in writing within five business days either by granting your request, denying your request in whole or in part, or extending the time for the response by up to ten additional days."

Therefore, I am notifying you that we are extending the time for the response by ten additional business days and that we will be responding to you by Thursday, September 15, 2005.

If you have any questions or concerns on this matter do not hesitate to contact me.

Thank you for your cooperation.

Sincerely,

Scott Belt

Scott Belt
Superintendent.

Cc: Michael H.D. Bowman

STEPHEN J. ALLEN
CHIEF ASSISTANT PROSECUTING ATTORNEY
COUNTY CORPORATION COUNSEL

ELIZABETH V. WEISENBACH
ASSISTANT PROSECUTING ATTORNEY

GERALD M. PRILL
ASSISTANT PROSECUTING ATTORNEY

Bad Check Restitution Program:
PHONE: 1-800-753-6079

OFFICE OF THE
HURON COUNTY PROSECUTING ATTORNEY
Mark J. Gaertner
PROSECUTING ATTORNEY

KERI L. STACER
LEGAL SECRETARY / CRIME VICTIM ADVOCATE

CATHY RICE
LEGAL SECRETARY / CHILD SUPPORT INVESTIGATOR

LAURIE L. SCHOENFELDT
SENIOR SECRETARY

JENNIFER A. FOSTER
CRIME VICTIM ADVOCATE ASSISTANT

FRANKLIN T. DOYLE
PROSECUTOR INVESTIGATOR

**EXHIBIT FOUR**

**Date:** September 7, 2005

**To:** Chris Jahn, President, Port Hope Community Schools Board of Education
Scott Belt, Superintendent, Port Hope Community Schools
Sgt. Gary Polega, Huron County Sheriff Department
Det./Sgt. Ron Roberts, Huron County Sheriff Department
Judy Lubeski, Port Hope Community Schools
Joseph Woodke
Shawn Gust
Matthew Koglin
Joshua Fosdick
Joseph Gust
Justin Abraham
Jeffrey Ales Jr.
Derek Kessel
Dustin Weiss
Marie Kessel

**From:** Mark J. Gaertner MJG
Huron County Prosecuting Attorney

**Re:** **Alleged Third Degree Criminal Sexual Conduct**
**Alleged Victim: Dustin Weiss**
**Criminal Tracking Number: 05-564**
**Reasons for Denial of Warrant Request**

I have reviewed this warrant request and have concluded that it should be denied, and therefore, no criminal charges will be filed. There are a number of reasons why I have reached that conclusion, which are set forth below.

First, this case is not trial worthy. Though the investigative reports appear to establish an incident of penetration with a foreign object (a stick) into the alleged victim's rectum, there is absolutely no objective evidence to corroborate that allegation. The alleged victim was wearing gym shorts and the object was placed against the exterior of those shorts. No one present at the incident can say with any certainty that there was any penetration of the rectum. The alleged victim complained afterward that it hurt but he did not have any obvious injury. Additionally, there was never any medical examination conducted, so any evidence that may have existed was never secured.

Compounding the difficulty of proving the case due to a lack of corroborative evidence of penetration is the total absence of evidence of sexual intent. Unlike sexual contact, sexual penetration does not require a sexual motive. As a practical matter, however, a jury expects some evidence of a sexual nature when they sit in judgment on a charge involving criminal sexual conduct. Here, the evidence supports the conclusion that there were several members of a high school athletic team horsing around in the locker room after practice, rather than any intent or attempt to molest the alleged victim.

Finally, with respect to trial worthiness, the alleged victim never came forward and reported the incident. He apparently told his parents after it happened. The police, however, heard about it from a third party source over six months after the incident. It was only after the police approached the parents that they reported the event. That delay in reporting seriously undercuts any claim of importance that the victim and/or his family may attempt to attribute to this incident.

For those reasons I do not believe that a jury would return a conviction in this matter.

Secondly, we have a duty to assure that justice is achieved in each and every case. Since this charge alleges sexual misconduct, a conviction necessitates compliance with the Sex Offender Registration Act. In light of the factors of this case, justice would not be served by requiring any of the subjects involved in this case to be placed on the sex offender registry for the next twenty-five years.

Thirdly, the Port Hope School District has a disciplinary scheme in place. This case should be handled internally. I say that in part for all of the reasons set forth above. If the school district imposes appropriate discipline then justice will be achieved. If the students involved do not respond to the district imposed sanctions, my office could re-open this warrant request, as well as warrant requests for the others involved.

**Re: Alleged Careless Use of Firearm**
**Alleged Victim: Dustin Weiss**
**Criminal Tracking Number: 05-565**
**Reasons for Denial of Warrant Request**

This case involves three students in the school parking lot, after basketball practice, during firearm deer season. The alleged victim told the Defendant that he was going out deer hunting. The Defendant responded by saying that he was also going hunting and pulled a 20 gauge shotgun out from behind the seat of his car to show the victim. He may have pointed it at the victim but there is no evidence that he intended to intimidate or assault the victim.

This incident came to light well over eight months after it occurred and only as a result of third party notification to the police; the victim did not report it to anyone other than his mother. Port Hope School District received notification about the incident at or about the same time that the police conducted their investigation. The school district has since taken appropriate disciplinary action.

In light of those circumstances, this case is not trial worthy and justice has been served by the action taken by the school district. Therefore, no criminal charges will be filed.

**STEPHEN J. ALLEN**
CHIEF ASSISTANT PROSECUTING ATTORNEY
COUNTY CORPORATION COUNSEL

**ELIZABETH V. WEISENBACH**
ASSISTANT PROSECUTING ATTORNEY

**GERALD M. PRILL**
ASSISTANT PROSECUTING ATTORNEY

**Bad Check Restitution Program:**
PHONE: 1-800-753-6079

OFFICE OF THE
HURON COUNTY PROSECUTING ATTORNEY

Mark J. Gaertner
PROSECUTING ATTORNEY

**KERI L. STACER**
LEGAL SECRETARY / CRIME VICTIM ADVO

**CATHY RICE**
LEGAL SECRETARY / CHILD SUPPORT INVES

**LAURIE L. SCHOENFELDT**
SENIOR SECRETARY

**JENNIFER A. FOSTER**
CRIME VICTIM ADVOCATE ASSISTANT

**FRANKLIN T. DOYLE**
PROSECUTOR INVESTIGATOR

Date: September 9, 2005

To: Chris Jahn, President, Port Hope Community Schools Board of Education
Scott Belt, Superintendent, Port Hope Community Schools
Sgt. Gary Polega, Huron County Sheriff Department
Det./Sgt. Ron Roberts, Huron County Sheriff Department
Judy Lubeski, Port Hope Community Schools
Joseph Woodke
Shawn Gust
Matthew Koglin
Joshua Fosdick
Joseph Gust
Justin Abraham
Jeffrey Ales Jr.
Derek Kessel
Dustin Weiss
Marie Kessel

From: Mark J. Gaertner MJG
Huron County Prosecuting Attorney

Re: Error in memorandum of September 7, 2005.

Please be advised the previous memorandum of September 7, 2005 contained an error. For both the complaints the alleged victim is Derek Kessel not Dustin Weiss. I apologize for the error.

HURON COUNTY BUILDING • 250 E. HURON, SUITE 103 • BAD AXE, MI 48413-1317 • (989) 269-9255 • FAX: (989) 269-

# Port Hope Community Schools

7840 Portland Ave.
P.O. Box 185
Port Hope, MI 48468

Phone: 989-428-4151
Fax: 989-428-4153
www.porthope.k12.mi.us

EXHIBIT FIVE

Arnold & Marie Kessel
7208 Moeller Road
Port Hope, MI 48468

September 13, 2005

Mr. & Mrs. Kessel,

This letter is in follow up to my letter to you dated August 30, 2005 and response to the letter that I received in my office on August 23, 2005 from you dated August 22, 2005.

At this time the administration has completed investigating the allegations against some of our students that you have made and wish to grieve to the School Board. During this investigation we have talked with the investigating officers from the Sheriff's Department, the students and parents who you alleged have committed crimes and the Chief Assistant Prosecuting Attorney and the Prosecuting Attorney. Through our investigation we have not found any evidence to corroborate your allegations that criminal acts were committed. We have found that there was some violation of school policies along with some horseplay and therefore, we have taken appropriate action.

Because of the restrictions under the Family Educational Rights and Privacy Act, our policies do not allow a student or parent to appeal the discipline of another student or to be privileged to information regarding that discipline. Our student handbook also explains the process and timelines for filling appeals to the Board.

Therefore, I am notifying you that because your son was not disciplined in this issue, that you may only request a hearing with the Board of Education to discuss your son only and not the allegations or evidence investigated about the other students.

If you have any questions or concerns on this matter do not hesitate to contact me.

Thank you for your cooperation.

Sincerely,

Scott Belt
Superintendent.

# CIVIL COVER SHEET

County in which this action arose Huron

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

05-10267

## I. (a) PLAINTIFFS

Derek Kessel, Arnold Kessel and Marie Kessel

(b) County of Residence of First Listed Plaintiff Huron
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Fixel Law Offices, PLLC & Naumcheff Law Offices, PLLC
4990 Northwind Drive, Ste 121
East Lansing, MI 48823 (517) 332-3390

## DEFENDANTS

Port Hope School District, Lawrence Isler, Sam Ingram, Chris Jahn, Raymond Schulte, Karen Gust, Casey Jahn, Mike Gust, David Koglin, Byron Belt, Matt Woodke, Michel Bowman, Don Pitts, Stan Shipp, Judy Lubeski, Matt Koglin

County of Residence of First Listed Defendant Huron
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ■ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Select One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 USC 1983, 20 USC 1400, 20 USC 3511

Brief description of cause:
Violation of liberty interest under the Due Process Clause for physical and sexual assault on educationally impaired student

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE
October 9, 2005

SIGNATURE OF ATTORNEY OF RECORD
[signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

...ANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :