UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENISE LAFAVE SMITH, Personal
Representative for the Estate of Derek
Kessel, MARIE KESSEL and ARNOLD
KESSEL,

          Plaintiffs,

                                   Case Number 05-10267-BC

v.                                   Honorable David M. Lawson

PORT HOPE SCHOOL DISTRICT, LAWRENCE
ISELER, SAM INGRAM, CHRIS JAHN,
RAYMOND SCHULTE, KAREN GUST, CASEY
JAHN, MIKE GUST, DAVID KOGLIN, BYRON
S. BELT, MATT WOODKE, MICHAEL H.
BOWMAN, DON PITTS, STAN SHIPP, JUDY
LUBESKI, MATT KOGLIN, JOEY WOODKE,
JOE GUST, SHAWN GUST, DUSTIN WEISS,
JOSH FOSDICK, JUSTIN ABRAHAM, and
JEFF ALES,

          Defendants.

_____/

**ORDER DENYING MOTION BY ATTORNEY
LINDA R. DRILLOCK FOR EXEMPTION FROM
REQUIREMENTS OF ELECTRONIC FILING OF PLEADINGS**

Before the Court is a motion by Linda R. Drillock, Esquire, attorney for defendant Shawn

Gust, seeking leave to be declared exempt from the Court's requirements for electronic filing.  In

the motion, Drillock explains that she is a sole practitioner, her last appearance in a federal case

occurred fifteen years ago, she has only one case (the present one) now pending in a federal court,

and she prefers not to have to incur the expense of becoming a registered user on the Court's case

management and electronic case filing (CM/ECF) system.

The Court has carefully considered Ms. Drillock's request together with the competing

hardships that might result from granting and denying it.  If the Court denies the request, Ms.

Drillock will incur the expense that she has articulated in her motion.  Granting the request, however, would cause inconvenience and additional expense to both the Court and other counsel in the case.

In December 2002, the Administrative Office of the United States Courts advised the Eastern District of Michigan that it had been identified to begin implementation of the national CM/ECF system in January 2003.  An *ad hoc* committee appointed by then-Chief Judge Lawrence P. Zatkoff on December 18, 2002 developed policies and procedures for electronic filing.  In addition, on October 1, 2003, a local rule amendment became effective, which provided for the filing and service of court papers by electronic means.  As of June 1, 2004, the official record of filed cases in this District was maintained electronically.  After that date, attorneys were allowed to file papers in all cases by electronic means.  *See* E.D. Mich. LR 5.1.1.  As of October 1, 2005, LR 5.1.1 was further amended to *require* electronic filing of all court papers after November 30, 2005.  The Rule permits the Court to "excuse a party from electronic filing on motion for good cause shown."  LR 5.1.1(a).

The CM/ECF system not only replaces the court's old paper docketing and case management systems, but also provides courts the option to have case file documents in electronic format and accept filings over the Internet.  In this District, the CM/ECF rules affect not only filing but also service of pleadings.  LR 5.1.1(d), which became effective October 1, 2003, states:

> Papers may be served through the Court's electronic transmission facilities as authorized by the Court's ECF Policies and Procedures beginning March 1, 2004. Transmission of the Notice of Electronic Filing constitutes service of the paper on each party in the case registered as a filing user.

As a result, lawyers who have taken the time to become filing users reasonably can expect to partake of the benefits of this modern system by filing with the Court and receiving from opposing counsel documents over the Internet.  The conveniences and benefits of the system begin to break down

when one or more attorneys who have appeared in the case do not participate, since paper copies of documents must be served in the conventional manner on those attorneys. Moreover, court notices, orders, and opinions must be served conventionally upon nonparticipating attorneys. The nonparticipating attorneys' filings must be scanned by court personnel to make those filings part of the electronic (that is, official) record.

The Court is mindful of the costs in time and money required for lawyers to join the electronic filing system. First, the law office must be equipped with a computer that has internet capability. That expense, however, likely would not be a new one, since the prevalence of such computers in the modern law office is as commonplace as telephones, photocopiers, and telefax machines. The computer must have word processing software, an Internet browser, and a program that converts word processed documents into a form that the court accepts for filing, commonly referred to as a "PDF writer." The law office also may need access to a scanner that converts already-existing paper documents into electronic format. The attorney also must register with the Court, obtain a log-in identification and password, and receive training. Ms. Drillock's argument is that all of that seems quite troublesome for a single case. And maybe she is right.

On the other hand, lawyers venturing into federal court are expected to be equipped with the necessary knowledge and tools to represent their clients adequately. That includes knowledge of the local rules and an ability to research federal law, which itself requires access to an up-to-date federal law library by means of hardcover books or (as the trend seems to be) on line. It now also requires, at least in this District, the ability to file and receive Court documents electronically.

Moreover, excepting Ms. Drillock from the requirement of electronic filing for now simply may be delaying the inevitable. In the federal system, CM/ECF systems are now in use in eighty-

nine percent of the federal courts.  More than 25 million cases are on CM/ECF systems, and more than 200,000 attorneys and others have filed court documents over the Internet.  Under current plans, most of the federal courts that are not yet using CM/ECF will begin usage by the end of 2006 through a court implementation process that takes about ten months.

The Michigan state court system has begun the process of developing an electronic filing system as well.  The Michigan Court of Appeals adopted a pilot program on June 20, 2005 for electronic filing of appeal papers in Michigan Public Service Commission matters.  The Fifty-sixth Circuit Court (Eaton County) and the Sixth Circuit Court (Oakland County) also implemented pilot projects on October 24 and December 12, 2005, respectively.  E-filing on a state-wide basis will become part of the legal culture in Michigan very soon.

The Court has not defined the term "good cause" in LR 5.1.1(a).  However, in other contexts, "good cause" constituting adequate justification or excuse for relief from the operation of an order or rule generally requires a showing of circumstances beyond the control of the applicant, conduct that does not amount to inadvertence, *In re Tussing*, 200 B.R. 314, 316-17 (N.D. Ohio 1996) (summarizing cases under Fed. R. Civ. Pl 4(j)), or sound reasons that remove the case from the ordinary or routine occurrence.  *See United States v. Four (4) Contiguous Parcels of Real Property Situated in Louisville, Jefferson County, Ky.*, 864 F. Supp. 652, 654 (W.D. Ky. 1994) (applying standard to discovery rules).  Following the conceptual guidance of these decisions, the Court believes that a litigant must set forth reasons beyond the resistance to modernization, reluctance to invest in new equipment, or an aversion to technology in order to demonstrate good cause within the meaning of LR 5.1.1(a).  Rather, there must be evidence that unusual, unanticipated, or extraordinary circumstances beyond the control of counsel that justifies relief from the regular

-4-

practice the Court has adopted for filing and serving court papers.  In addition, the applicant must account for the impact opting out of CM/ECF would have on other affected parties.

The Court believes that the expense identified by Ms. Drillock if she is required to comply with this Court's CM/ECF rules does not outweigh the inconvenience and added administrative expense to other counsel and the Court that granting her motion would cause.  Good cause, therefore, has not been demonstrated.  The Court does not rule out, however, the possibility that Ms. Drillock could ameliorate the impact of granting her motion.  She has not addressed the impact of the ruling she seeks on filing her own documents; service of her documents on opposing counsel; receipt of filed documents; or receipt of Court notices, opinions, orders, and judgments.  The Court would consider a proposal from the movant that suggests alternatives that lessen the impact of the ill effects brought about by avoiding the electronic filing and case management system the Court has put in place.  The movant's proposal should be assembled with the goal of minimizing the impact on other CM/ECF participants and the Court of her own nonparticipation.

Accordingly, it is **ORDERED** that the motion by Attorney Drillock to be excused from participating in the electronic filing system [dkt # 38] is **DENIED** without prejudice.  The movant may apply for reconsideration, provided that the motion is accompanied by a proposal to ameliorate the impact of allowing her nonparticipation in the Court's electronic filing system.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 4, 2006

-5-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 4, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS